In the

# United States Court of Appeals

## For the Seventh Circuit

No. 05-3795

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

SHEYERMAN D. MIXON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 03 CR 33—**Charles N. Clevert, Jr.**, *Judge.*

ARGUED MAY 9, 2006—DECIDED JULY 12, 2006

Before CUDAHY, KANNE, and WOOD, *Circuit Judges.*

KANNE, *Circuit Judge.* Sheyerman Mixon, a felon, was convicted of possessing ammunition, *see* 18 U.S.C. § 922(g)(1), after police caught him casing a video store while carrying an antique .38-caliber revolver loaded with five 9mm rounds. The government could not prosecute Mixon for having the gun itself; felons are prohibited from having "firearms," *id.* § 922(g)(1), but an "antique firearm"—like this revolver—is not a "firearm" as defined in the Gun Control Act, *see id.* § 921(a)(3), (a)(16). A felon is prohibited from having "ammunition," however, so the government charged Mixon with possessing the 9mm rounds instead of the gun. Mixon moved to dismiss the indictment on the theory that ammunition loaded in what

is not a "firearm" cannot be "ammunition" as defined in the Gun Control Act, *see id*. § 921(a)(17)(A). The district court denied that motion and found Mixon guilty after a bench trial. We affirm.

**I.**

Local police in Glendale, Wisconsin, stopped Mixon on suspicion that he planned to rob a video store. At the time he was carrying a revolver loaded with five bullets. The government learned that the gun was a .38-caliber Hopkins & Allen revolver manufactured before 1899, and thus under federal law Mixon could lawfully possess it even though he has felony convictions for reckless homicide and reckless endangerment with a weapon. But the government took the position that the exemption for the gun did not cover the bullets loaded inside, and so Mixon was charged with possessing the ammunition.

His first response was to argue that the bullets should be suppressed on the theory that the police did not have probable cause to stop and search him. A magistrate judge conducted an evidentiary hearing at which one of the arresting officers testified that he stopped and searched Mixon and another man while following up on a tip about suspicious men in the area. The officer also testified that he found the loaded gun in Mixon's coat pocket. Mixon did not testify. At the conclusion of the hearing, the magistrate judge recommended that the district court find that the police had reasonable suspicion to stop the men, and that the men consented to be searched.

Before the district court could take up that recommendation, Mixon executed a plea agreement that would have abandoned the unresolved motion. As part of his agreement Mixon stipulated to the commerce element of § 922(g)(1) (the bullets were manufactured in Russia and brought to the United States through foreign commerce), but at this

point he still did not comprehend the implication of possessing them in an antique firearm. After entering a guilty plea, however, Mixon moved to withdraw that plea on the ground that he entered it on the mistaken belief that his federal sentence would run concurrently with a state sentence he was already serving for violating his parole. Judge Stadtmueller allowed Mixon to withdraw his plea and later recused himself from further involvement in the case.

Judge Clevert took over. He first addressed the unresolved suppression motion and received additional evidence. Mixon testified that he did not consent to be searched, and that he didn't even know he was carrying a gun. The government introduced the 9mm bullets into evidence. The district court found Mixon not credible and adopted the magistrate judge's recommendation to deny the motion to suppress.

Mixon then moved to reconsider the suppression ruling and also filed a motion to dismiss the indictment. In the latter motion he argued for the first time that it is not a crime to possess ammunition that is loaded into an antique firearm. The motion to dismiss was referred to a magistrate judge, who reasoned that it should be denied because the bullets were designed for use in other guns that would qualify as firearms and so it was irrelevant that these bullets happened to be in an antique revolver. The district court adopted the magistrate's recommendation and denied the motion to dismiss.

Mixon then waived his right to a jury trial, and the parties proceeded by written stipulations. Those stipulations recount that the bullets were Russian-made 9mm Wolf cartridges and were loaded into a ".38 caliber Hopkins & Allen revolver." But no mention is made of the age or "antique" character of the gun, and nothing is said about whether the same bullets could be used in other guns, or even whether they could safely be fired from this gun. The

district court convicted Mixon and sentenced him to 45 months' imprisonment.

**II.**

Mixon's only argument on appeal is that 18 U.S.C. § 922(g)(1) does not apply to bullets that otherwise would qualify as "ammunition" as long as they are loaded into an antique firearm. Mixon argues that a gun is not considered a "firearm" under the Gun Control Act if it was manufactured before 1899, and because ammunition is prohibited only if it is designed for a firearm, bullets designed for an antique are not prohibited for felons to possess. The statute provides that a felon may not "ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g)(1). In defining the term "firearm," the Act specifically excludes from its coverage any gun that is an "antique," i.e., any firearm "manufactured in or before 1898." *Id*. § 921(a)(3), (a)(16). The government has never disputed that the revolver Mixon possessed was manufactured in or before 1898, but neither side presented evidence of that fact at trial.

The Gun Control Act defines "ammunition" to mean "ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in *any* firearm." *Id*. § 921(a)(17)(A) (emphasis added). Bullets are "ammunition" if they are "designed for use in *any* firearm." 18 U.S.C. § 921(a)(17)(B) (emphasis added). If these bullets had been designed exclusively for use in the Hopkins & Allen revolver, they would not be "ammunition" because by definition this antique revolver is not a "firearm." On the other hand, if the bullets were designed for use, not just in this antique revolver, but in other guns manufactured after 1898, then it would appear, given the literal language of the definition, that they *are* "ammunition" because they would

be designed for *any* firearm. Mixon, though, insists that the only logical construction of the statute is that bullets loaded in an antique firearm— whether or not they also are usable in a gun that's not an antique—are not "ammunition" as that term is used in the Gun Control Act.

Mixon posits an interesting argument, but in the end, the outcome of this case must turn on the facts presented to the trial court. In moving to dismiss, Mixon represented that, for purposes of his motion, the parties disputed "no relevant facts." But that is not so. What was not disputed before trial is that Mixon had a .38-caliber firearm loaded with 9mm rounds. But it's the *design* of the bullets, not the location, that matters. There was no agreement— indeed, no effort by Mixon to suggest—that these bullets were "designed" for use in this gun. It is true that the bullets were in the cylinder, but that simple fact hardly establishes as a matter of law that they were designed for, and could be safely used, in this weapon. We may assume that a 9mm bullet theoretically could be fired from a .38-caliber gun, since .38-caliber is roughly equivalent to 9.65mm. But Mixon did not even establish an equivalency between the two measures when he moved to dismiss, and he certainly did not show the absence of any dispute as to whether closeness in size of the bullets is all that it takes to show that a bullet is "designed" to be used in a gun within which it happens to fit.

As for trial, Mixon essentially abandoned his defense by omitting the facts necessary to establish it from the stipulated evidence. As with his motion to dismiss, he failed to include in the stipulations any facts that might show the bullets were designed for or usable in this gun. More importantly, though, Mixon did not even insist on a stipulation that the .38-caliber handgun was an "antique firearm" or that it was manufactured in 1898 or before. Thus, as far as the *trial evidence* shows, Mixon was caught with both a gun and bullets that he could not lawfully possess as a felon.

AFFIRMED.

No. 05-3795

A true Copy:

    Teste:

 

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*